(33 App. Div. 137.)

In re BOARD OF STREET OPENING AND IMPROVEMENT OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

GREATER NEW YORK—COMMISSIONERS OF ESTIMATE—EXTRA ALLOWANCE.

Section 998 of the Greater New York charter (Laws 1897, c. 378) does not warrant an extra allowance to commissioners of estimate and assessment in ordinary cases, however laborious or important their services may be, but only in extreme cases, markedly out of the common.

Van Brunt, P. J., dissenting.

In the matter of the application of the board of street opening and improvement of the city of New York. Appeal by the city from an order of the special term granting an extra allowance to each of the commissioners of estimate and assessment in this proceeding. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Isaac Fromme, for respondents.

BARRETT, J. The statutory fees of these three commissioners were taxed at something over $5,000. By the order appealed from, they were allowed additional compensation to the amount of $22,500. The authority for such additional allowances is found in section 998 of the charter (Laws 1897, c. 378). This section provides that the commissioners of estimate and assessment shall receive six dollars each for every day upon which they shall meet, and be actually and necessarily employed in their duties. It further provides that:

"In any proceeding of an unusually difficult or extraordinary character, the said court may, upon taxing said costs or expenses, make such additional allowances to the said commissioners as to it may appear just and equitable, upon such proof as may be submitted of the nature and extent of the services by said commissioners."

The claim made by the present commissioners is that this proceeding was of "an unusually difficult and extraordinary character," within the contemplation of this statute. This does not seem to be disputed by the learned corporation counsel. He objects, however, to the amount of these extra allowances; claiming that they are not warranted by the difficult or extraordinary nature of the services rendered. In our judgment, the error in this order lies deeper than the objection to the sums allowed. It goes to the root of the matter, and results from an inaccurate construction of the statute. The authority to grant such additional allowances is not given to supplement the statutory fees in ordinary cases, however laborious or important the services of the commissioners may have been. For all such services they are limited to the fixed per diem, just as a referee is in the trial of an action. Indeed, the law, prior to the enactment of the present charter, fixed the per diem of these commissioners in express analogy to that of referees. Laws 1895, c. 449, § 4. It is only in a proceeding of an unusually difficult or extraordinary character that the court is authorized to add to these statutory fees. The

present proceeding is clearly not within this language.    Some of the questions presented are said to have been difficult.    The difficulty, however, consisted, not in the governing rule, but in the application of that rule.    The rule itself had been settled for the commissioners by the court before they were called upon to act.    In re One Hundred and Seventy-Third Street, 78 Hun, 487, 29 N. Y. Supp. 205.    It may be conceded that the application of the rule laid down by the case cited called for considerable thought and reflection.    It certainly required good sense and judgment.    But there is nothing extraordinary about that.    It is so in nearly all cases.    The commissioners are appointed because they are supposed to be competent to perform the important duties imposed upon them.    These duties, even in ordinary cases, are by no means trivial or inconsiderable.    Nor are they merely ministerial.    They are, in a certain sense, judicial.    They demand intelligence, aided by experience.    It is for the bringing into play of these qualities, and for the adequate performance of practically judicial functions, that the commissioners are allowed what the lawmakers deemed a reasonable per diem.    If the respondents here are right in their construction of the act in question, this exclusive per diem would soon be limited to but the simplest proceedings.    The regular fees would, in this view, play but a subsidiary part in the awarding of compensation.    We think that the intention was quite otherwise; that the statutory fees were deemed to be sufficient compensation, however laborious and important the services, in all proceedings save those markedly out of the common.    The authority to make such additional allowances—apparently first granted in the act of 1895, already cited—was a radical departure from the general policy of the law in such cases.    It was plainly granted to cover extreme cases, and only such.    The language could not well have been better adapted to indicate such purpose.    It is extreme language.    The proceeding must not only be difficult, but "unusually" difficult or extraordinary.    We have perused the affidavits of these commissioners with care; and, with every desire to treat them fairly and considerately, we are unable, upon the facts therein disclosed, to find that the present proceeding was, within the meaning of the statute, of an unusually difficult or extraordinary character.    It was undoubtedly important and laborious.    We may even add that the application of the rule laid down for their guidance was not altogether free from difficulty.    It undoubtedly called, as we have already suggested, for intelligence and good judgment.    But whatever difficulty there was, was but part of the ordinary lot of commissioners in the general run of cases.    It certainly was not the unusual difficulty contemplated by the statute.

It follows that a case for the exercise of judicial discretion as to an award of additional compensation beyond the statutory fees was not made out, and therefore the order appealed from should be reversed.    All concur, except VAN BRUNT, P. J., dissenting.